IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MAYNARD COWAN III,

 Plaintiff,

v.              Civil No. 03-978 WJ/RLP

KENNETH WILLIAMS, individually,
A&M TRANSPORT, INC.,
PREFERRED LEASING, INC.,
ST. PAUL FIRE & MARINE
INSURANCE COMPANY,

 Defendants.

### MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND REMANDING CASE TO THE STATE COURT

THIS MATTER comes before the Court pursuant to Plaintiff's Motion to Remand Case Back to New Mexico District Court [Docket No. 4]. Having reviewed the submissions of the parties, the Court finds Plaintiff's Motion to Remand is well taken and shall be granted for the reasons set forth below.

**BACKGROUND**

Plaintiff filed his Complaint in the Second Judicial District, County of Bernalillo, State of New Mexico on June 11, 2003 for damages arising from an automobile accident on June 12, 2000. On August 20, 2003, Defendant St. Paul Fire & Marine Insurance Company (St. Paul) filed a notice of removal alleging the jurisdiction of this Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a). Defendant St. Paul specifically alleged that the

amount in controversy exceeded $75,000. Plaintiff filed the instant motion asserting that the amount in controversy does not exceed $75,000.

**DISCUSSION**

An action is removable if the district court of the United States would have original jurisdiction over the matter. 28 U.S.C. § 1441(a). In this case, St. Paul alleges this Court has original jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332. Plaintiff does not dispute that the parties are diverse. Plaintiff only disputes that the amount in controversy exceeds $75,000.

In a case alleging the subject matter jurisdiction of the Court on the basis of diversity of citizenship, a federal court lacks "judicial power" to hear the case if a plaintiff is not entitled to recover at least $75,000. Laughlin v. Kmart Corp., 50 F.3d 871, 874 (10th Cir. 1995). It is the obligation of the removing party to establish the subject matter jurisdiction of this Court. Huffman v Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1079 (10th Cir. 1999); United States v Bluewater-Toltec Irrigation Dist., 580 F.Supp. 1434, 1440 (D.N.M. 1984). There is a presumption against removal jurisdiction. Laughlin, 50 F.3d at 873. Both the requisite amount in controversy and the existence of diversity must be affirmatively established by a preponderance of the evidence on the face of either the complaint or the removal notice for purposes of diversity jurisdiction. Martin v. Franklin Capital Corp., 251 F.3d 1284, 1290 (10th Cir. 2001); Laughlin, 50 F.3d at 873. When the allegations in the complaint are not dispositive with regard to the amount in controversy, the burden is on the removing party to set forth in the notice of removal the underlying facts supporting the requisite jurisdictional amount. Laughlin, 50 F.3d at 873. Facts purporting to support jurisdiction set forth in a brief after a motion to remand has been filed

do not establish the existence of jurisdiction at the time of removal.  Id.; see also Martin, 251 F.3d at 1291 n. 4.

The Court first looks to the face of the Complaint filed by Plaintiff in state court to determine if the amount in controversy requirement is established by a preponderance of the evidence.  Plaintiff's Complaint seeks damages from Defendants for unspecified physical injuries sustained in an automobile accident.  Plaintiff asserts he has ongoing pain and suffering, past and future medical expenses, and other additional expenses and damages.  Plaintiff also seeks punitive damages and attorney fees from Defendant St. Paul pursuant to the "New Mexico Unfair Trade Practices in Insurance Act."[1]  Nothing in the Complaint suggests an amount of damages.  Thus, the face of the Complaint does not affirmatively establish by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000.

The Court turns next to the Notice of Removal to determine if the amount in controversy requirement is affirmatively established.  The only statement in the Notice of Removal with regard to the amount in controversy is an assertion that "based upon information currently available to counsel for St. Paul, the amount in controversy in this matter exceeds $75,000."  This statement falls short of setting forth underlying facts supporting the requisite jurisdictional amount.  St. Paul has failed to meet its burden of establishing jurisdiction by a preponderance of the evidence on the face of the complaint or the notice of removal.

The Court cannot consider the factual assertions in St. Paul's response brief to the motion to remand in determining whether the amount in controversy requirement is met.  See Martin, 251

---

[1]This is the title of the statute used by Plaintiff in his Complaint.  Plaintiff's Complaint does not give a citation for the statute.

F.3d at 1291 n. 4; Laughlin, 50 F.3d at 873; but see Hanna v. Miller, 163 F.Supp.2d 1302, 1305 (D.N.M. 2001) (finding that, where neither the complaint nor notice of removal suffices to establish the jurisdictional amount, a court may consider other relevant materials in the record). Even if the Court did consider the factual assertions in St. Paul's brief, these facts do not support jurisdiction by a preponderance of the evidence. Defendant St. Paul offers evidence that Plaintiff, in a state court document, certified that he seeks more than $25,000 in damages exclusive of punitive damages, interest, costs and attorney fees. St. Paul then offers case law that punitive damages and a reasonable estimate of attorney fees may be used in calculating the necessary jurisdictional amount in a removed case. However, St. Paul goes no further and offers nothing in the way of a calculation or estimate that supports by a preponderance of the evidence that the damages would exceed $75,000. While this Court in Hanna suggested that a court may consider the substance and nature of injuries and damages described in the complaint to determine whether there is a requisite amount in controversy, nothing in the record of this case at the time of removal indicates the nature of Plaintiff's injuries, any details of the circumstances of the automobile accident, or any details regarding allegations of insurance bad faith. Even reviewing the complaint, notice of removal, and other relevant materials in the record at the time of removal, I cannot determine that it is more likely than not that the amount in controversy in this case exceeds $75,000. Thus, Defendant St. Paul has not met its burden of affirmatively establishing that the amount in controversy requirement is met and has failed to overcome the presumption against removal jurisdiction.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand Case Back to New Mexico District Court [Docket No. 4] is hereby GRANTED and this matter is hereby REMANDED to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

_____
UNITED STATES DISTRICT JUDGE